IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
GLENN R. WAITE, Individually   )
and as Personal Representative )
of the Estate of Harriet I.    )
Waite, deceased,               )
                               )
            Plaintiff,         )      7:08CV5000
                               )
      v.                       )
                               )
ANN ROSENBERRY, CLERK OF       )      MEMORANDUM AND ORDER
DISTICT COURT IN AND FOR THE   )
COUNTY OF SCOTTS BLUFF,        )
NEBRASKA; RANDALL L.           )
LIPPSTREU, JUDGE OF DISTRICT   )
COURT IN AND FOR THE COUNTY    )
OF SCOTTS BLUFF, NEBRASKA,     )
JANE DOE, REAL NAME UNKNOWN,   )
JON BRUNING, NEBRASKA ATTORNEY )
GENERAL; JANICE K. WALKER;     )
NANCY ADAMS; and ALYCE         )
MAUPIN, R.N.,                  )
                               )
            Defendants.        )
_____)
```

This matter is before the Court on its own motion. The Amended Complaint in this matter appears to be another in plaintiff's "unsuccessful thirteen-year string of lawsuits which began with the medical malpractice claims Waite brought on behalf of his mother's estate after her death in 1989." Waite v. Kopf, 41 F. App'x 23 (8th Cir. 2002) (unpublished). All defendants who have been served[1] have filed Motions to Dismiss (Filing Nos. 22, 26, and 30.) The served defendants have also filed motions to

---

[1] Plaintiff has not requested a summons for, or served, defendant "Jane Doe."

stay which request that discovery be stayed in this matter until their motions to dismiss are resolved (Filing Nos. 24, 28, and 32.)

There is a preliminary matter which must be resolved prior to reaching the motions to dismiss. Plaintiff has filed these claims individually and as the "personal representative" of the estate of his deceased mother, Harriet I. Waite (the "Estate"). (Filing No. 13 at CM/ECF p. 1.) However, "'[w]hen an estate has beneficiaries or creditors other than the administratrix or executrix, the action cannot be described as the litigant's own, because the personal interests of the estate, other survivors, and possible creditors will be affected by the outcome of the proceedings.'" *Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 951-52 (8thCir. 2005) (quoting *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him."). Thus, where a pro se plaintiff is not the sole beneficiary and creditor of an estate, proceeding pro se constitutes the unauthorized practice of law and the matter should not be allowed to proceed without the estate obtaining counsel. *Jones*, 401 F.3d at 952.

Plaintiff's unauthorized practice of law has been the subject of at least two Nebraska state court opinions. *See Waite v. Carpenter*, 533 N.W.2d 917 (Neb. Ct. App. 1995) ("*Waite II*"); *Waite v. Carpenter,* 496 N.W.2d 1 (Neb. Ct. App. 1992) ("*Waite I*"). In *Waite I*, the Nebraska Court of Appeals specifically found that plaintiff had engaged in the "flagrant and persistent" unauthorized practice of law. *Waite I*, 496 N.W.2d at 7. The Nebraska Court of Appeals further held that plaintiff's own allegations in his state court complaints show that "he was not the sole heir of Harriet Waite." *Id.* at 5. That finding was reiterated three years later in *Waite II*, 533 N.W.2d at 918 ("In our previous opinion, we expressly concluded that [Waite] was not the sole heir.").

Thus, the Court cannot permit plaintiff to proceed pro se on behalf of the Estate without proof that he is the sole beneficiary and creditor of the Estate. Plaintiff shall have 30 days in which provide an affidavit and some evidence showing that he is indeed the sole beneficiary and creditor of the Estate. Alternatively, plaintiff may obtain counsel. The Court cautions plaintiff that it has carefully read the Nebraska state court opinions and has serious doubts regarding whether plaintiff can make such a showing in compliance with his obligations under Federal Rule of Civil Procedure 11 and in light of his previous

state court filings.  Failure to comply with Rule 11 will result in appropriate sanctions.

      IT IS ORDERED:

      1.   Plaintiff shall have until **September 22, 2008** to submit an affidavit and some evidence that proves he is the sole beneficiary and creditor of the estate of Harriet I. Waite.  Alternatively, plaintiff may retain counsel.  If plaintiff fails to file such an affidavit and evidence, or fails to retain counsel, this case will be dismissed without prejudice and without further notice for failure to state a claim upon which relief may be granted.

      2.   Plaintiff is reminded of his obligations under Federal Rule of Civil Procedure 11.

      3.   Defendants' motions to dismiss (Filing Nos. 22, 26, and 30) are denied without prejudice to reassertion.  In the event that plaintiff satisfies the Court that he is the sole beneficiary and creditor of Harriet I. Waite's estate, or in the event that plaintiff obtains an attorney, defendants may renew their motions to dismiss.

      4.   Defendants' motions to stay (Filing Nos. 24, 28, and 32) are granted.  Discovery in this matter is stayed pending further order of this Court.

      5.   The Clerk of the court is directed to set a pro se case management deadline in this case with the following text:

September 22, 2008:  Deadline for plaintiff to show he is the sole beneficiary or obtain an attorney.

DATED this 22nd day of August, 2008.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court