```
           IN THE UNITED STATES DISTRICT COURT FOR THE

                       DISTRICT OF NEBRASKA

GLENN R. WAITE, Individually  )
and as Personal Representative)
of the Estate of Harriet I.   )
Waite, deceased,              )
                              )
            Plaintiff,        )         7:08CV5000
                              )
    v.                        )
                              )
ANN ROSENBERRY, CLERK OF      )         MEMORANDUM OPINION
DISTICT COURT IN AND FOR THE  )
COUNTY OF SCOTTS BLUFF,       )
NEBRASKA; RANDALL L.          )
LIPPSTREU, JUDGE OF DISTRICT  )
COURT IN AND FOR THE COUNTY   )
OF SCOTTS BLUFF, NEBRASKA,    )
JANE DOE, REAL NAME UNKNOWN,  )
JON BRUNING, NEBRASKA ATTORNEY)
GENERAL; JANICE K. WALKER;    )
NANCY ADAMS; and ALYCE        )
MAUPIN, R.N.,                 )
                              )
            Defendants.       )
_____)
```

This matter is before the Court on defendants Randall Lippstreau ("Lippstreau"), Janice Walker ("Walker"), and Jon Bruning's ("Bruning) motion to dismiss (Filing No. 43), defendant Ann Rosenberry's ("Rosenberry") motion to dismiss (Filing No. 47), and defendants Nancy Adams ("Adams") and Alyce Maupin's ("Maupin") motion for summary judgment (Filing No. 53). The motions to dismiss and motion for summary judgment will be granted.

### I.     BACKGROUND

Along with Case No. 8:08CV239, in which Waite pledged "to pursue this matter until he dies or until justice prevails" (Case No. 8:08CV239, Filing No. 46), plaintiff Glenn R. Waite ("Waite") filed this action on February 25, 2008.[1] (Filing No. 1.) These two cases are the most recent in Waite's "unsuccessful [eighteen]-year string of lawsuits which began with the medical malpractice claims Waite brought on behalf of his mother's estate after her death in 1989." *Waite v. Kopf*, 41 Fed. App'x 23, 23 (8th Cir. 2002). On March 28, 2008, Waite filed his amended complaint in this matter (Filing No. 13). In accordance with NECivR 15.1, the amended complaint "supersedes the pleading amended in all respects." Thus, only the allegations contained in the amended complaint will be considered when addressing the pending motions to dismiss and motion for summary judgment.

Although defendants had all filed motions to dismiss, the Court was concerned that plaintiff was attempting to proceed pro se on behalf of his mother's Estate without proof that he is the sole beneficiary and creditor of the Estate (Filing No. 36). This concern stemmed from Waite's previous unauthorized practice of law, which was the subject of at least two Nebraska state court opinions finding that Waite was not the sole heir of the

---

[1] Waite filed Case No. 8:08CV239 approximately three months later, on June 9, 2008 (Case No. 8:08CV239, Filing No. 1).

Estate. *See Waite v. Carpenter*, 533 N.W.2d 917 (Neb. Ct. App. 1995); *Waite v. Carpenter,* 496 N.W.2d 1 (Neb. Ct. App. 1992).

Thus, the Court permitted Waite an opportunity to show that he is the "sole beneficiary and creditor of the Estate." (Filing No. 36.)

Waite thereafter filed a response and an index of evidence regarding the question of whether he is the sole beneficiary of the Estate (Filing Nos. 37 and 38). It appears from the records before the Court that all other known beneficiaries have renounced any claim to the Estate (Filing No. 38). Separately, Waite states that he "IS NOT seeking to proceed pro se 'on behalf of the Estate' and CANNOT" do so because "he no longer represents the Estate." (Filing No. 37.) In light of these submissions, the Court finds that Waite is not proceeding pro se on behalf of the Estate. Thus, the Court will allow this matter to proceed and will address the pending motions to dismiss and motion for summary judgment.

## II. SUMMARY OF AMENDED COMPLAINT

The allegations of the amended complaint relate entirely to previous litigation surrounding the death of Waite's mother. Waite has asserted claims against three State of Nebraska employees, Scotts Bluff County District Judge Lippstreu, State Court Administrator Walker, and Attorney General Bruning (Filing No. 13). Waite also seeks relief against Scotts Bluff

County District Court Clerk Rosenberry, and two employees of Regional West Medical Center, Maupin and Adams. (*Id.*) Waite brings his claims pursuant to 42 U.S.C. § 1983 and has invoked the court's federal question jurisdiction under 28 U.S.C. § 1331. (*Id.* at CM/ECF p. 2.)

Waite alleges that, in a previous state-court matter relating to his mother's death, Adams filed a special appearance seeking dismissal based on the argument that she had not been served within six months of the filing of the complaint. (*Id.* at CM/ECF p. 3.) Lippstreu, with Walker's assistance, thereafter dismissed the case as filed outside of the statute of limitations set forth in Neb. Rev. Stat. § 25-217 "without prior notice to" Waite. (*Id.* at CM/ECF pp. 3-4.) Waite appealed, and the Nebraska Supreme Court summarily dismissed the appeal based on "Rule 7B(1) of the Rules of Practice and Procedure in the Supreme Court" without issuing an opinion. (*Id.* at CM/ECF p. 5.)

Waite's amended complaint contains four general claims: that the dismissal by Lippstreu violated Waite's Fourteenth Amendment due process rights because he did not receive notice prior to that dismissal; that Neb. Rev. Stat. § 25-217 is unconstitutional under the Fourteenth Amendment because it does not have a "notice" requirement; that Neb. Rev. Stat. § 7-101 is unconstitutional under the Fourteenth Amendment as to Waite; and that Rule 7B(1) of the "Rule of Practice and Procedure in the

Supreme Court" is unconstitutional.  (*Id.* at CM/ECF pp. 6-9.) Waite requests that the Court award him the following:  monetary damages in the amount of $3,000.00; a declaratory judgment stating that Neb. Rev. Stat. § 7-101 and Neb. Rev. Stat. § 25-217 are unconstitutional under the Fourteenth Amendment and enjoining defendants from using these statutes against plaintiff in the future; an injunction preventing defendants from using "Rule 7B(1) of the Rules of Practice and Procedure of the Nebraska Supreme Court" against plaintiff in the future.  (*Id.* at CM/ECF pp. 9-10.)

### III.     ANALYSIS

Defendants have all filed motions to dismiss, or in the case of Maupin and Adams, a motion for summary judgment, arguing, among other things, that Waite lacks standing to bring his claims (Filing Nos. 43, 47, and 53).  The Court agrees.  For the same reasons set forth in its March 5, 2009, memorandum opinion dismissing Waite's companion case, Waite lacks standing to bring his claims (Case No. 8:08CV239, Filing No. 68).[2]

"The standing requirement is, at its core, a constitutionally mandated prerequisite for federal jurisdiction, and 'an essential and unchanging part of the case-or-controversy

---

[2] Rather than simply incorporate its analysis from Waite's companion case, the Court repeats it here for clarity.  However, the Court is aware that the reasoning set forth here is nearly identical to that set forth in its memorandum opinion entered in Case No. 8:08CV239.

requirement of Article III.'" *Johnson v. Missouri*, 142 F.3d 1087, 1088 (8th Cir. 1998) (quoting *Mausolf v. Babbitt*, 85 F.3d 1295, 1301 (8th Cir.1996)). To establish standing, a party "must demonstrate that he has suffered an injury in fact which is actual, concrete, and particularized . . . must show a causal connection between the conduct complained of and the injury . . . [and] must establish that the injury will be redressed by a favorable decision." *Delorme v. United States*, 354 F.3d 810, 815 (8th Cir. 2004). Stated another way, "[t]o have standing a plaintiff must demonstrate more than simply a 'generalized grievance.' . . . The injury must be 'concrete,' not 'conjectural' or 'hypothetical.'" *Pucket v. Hot Springs Sch. Dist. No. 23-2*, 526 F.3d 1151, 1156-57 (8th Cir. 2008) (quotations omitted).

Here, Waite requests that the Court issue an order that certain Nebraska state statutes and procedural rules are unconstitutional and may not be applied to him in the future *if* he decides to file additional pro se lawsuits in state court (Filing No. 13 at CM/ECF pp. 6-9).[3] Waite alleges that the "actual controversy" between the parties is that he believes the state statutes and procedural rules are unconstitutional, while defendants believe they are constitutional. (*Id.* at CM/ECF pp.

---

[3] Waite specifically does not seek "a judgment which would reverse, vacate, or modify" any past orders of the Nebraska state courts. (*Id.* at CM/ECF p. 10.)

6-9.) However, Waite's amended complaint seeks relief only as to events which may happen "in the future." (*Id.* at CM/ECF p. 7.) Waite does not cite to any pending state-court actions in which these statutes or rules are being applied to him. Rather, Waite requests that the Court enter a order declaring that certain state statutes and procedural rules are unconstitutional because, at some point in the future, Waite *may*:

> (1) File pro se lawsuits in state court on behalf of himself and others; *and may*
>
> (2) File those as-yet-unfiled lawsuits after the applicable statute of limitations has expired; *and the state court may*
>
> (3) Dismiss those as-yet-unfiled pro se lawsuits because they were not filed within the applicable statute of limitations and/or because Waite is engaging in the unauthorized practice of law; *and the state court may*
>
> (4) Fail to give notice to Waite prior to dismissal.

(*Id.* at CM/ECF pp. 6-9.) Waite's allegations are clearly based on an elaborate, hypothetical set of events which may never occur.[4] Because his claims are, at best, hypothetical, Waite

---

[4] While the court makes no specific finding on this matter, it is highly unlikely that Waite will proceed with any state-court claims given that the statute of limitations expired on claims relating to his mother's death more than ten years ago. See *Waite*, 41 Fed. App'x at 23-24.

suffers no actual injury and he lacks standing to bring his claims at this time.[5]  Waite's claims will be dismissed, and the Court need not reach defendants' other arguments.

This is not the first time Waite has pursued these hypothetical claims.  See Waite v. Hippe, No. 98-2816, 1999 U.S. App. LEXIS 16701, *2-3 (8th Cir. July 19, 1999) (affirming dismissal of challenge to Neb. Rev. Stat. § 7-101 and other Nebraska statutes because Waite lacked standing and his claims were not ripe).  In dismissing Case No. 8:08CV239, the Court warned Waite "that future attempts to bring these claims will result in appropriate sanctions."  The Court has now explained the standing requirement to Waite twice in the last six months and reiterates its warning to Waite regarding sanctions.

### IV.  *REMAINING DEFENDANT JANE DOE*

Waite also seeks relief against "Jane Doe," who he identifies as an unknown employee of the Scotts Bluff County, Nebraska District Court (Filing No. 13 at CM/ECF p. 5).  Waite never requested a summons for defendant "Jane Doe," and she has never been served.  (*See* Docket Sheet.)  Waite filed this matter

---

[5] As the Eighth Circuit has recognized, "although . . . standing and ripeness are technically different doctrines, they are closely related in that each focuses on whether the harm asserted has matured sufficiently to warrant judicial intervention."  *Johnson*, 142 F. 3d at 1090, n. 4 (quotation omitted).  Regardless of the label, where a claim presents "no justiciable case or controversy," it must be dismissed for lack of subject matter jurisdiction.  *Id.*

on February 25, 2008, and as set forth in Federal Rule of Civil Procedure Rule 4(m), Waite had 120 days, or until June 24, 2008, in which to serve Jane Doe with summons. Waite failed to do so. A court has "broad remedial power to correct the [improper] service." *McCaslin v. Cornhusker State Indus.*, 952 F. Supp. 652, 659 (D. Neb. 1996) (internal citation omitted). However, permitting Waite additional time to correct service would be futile under these circumstances since he lacks standing to bring his claims as set forth above. Waite's claims against Jane Doe will also be dismissed.

DATED this 20th day of August, 2009.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court